346 S.E.2d 341

**DAILY GAZETTE COMPANY, INC.**

v.

**The COMMITTEE ON LEGAL ETHICS OF the W.VA. STATE BAR.**

**No. 16403.**

Supreme Court of Appeals of West Virginia.

March 22, 1985.

Dissenting Opinion July 12, 1985.

Rudolph L. DiTrapano and Rebecca A. Baitty, DiTrapano & Jackson, Charleston, for petitioner.

Arthur M. Recht, Recht & Johnson, Wheeling, for respondent.

NEELY, Chief Justice:

On 11 December 1984 this Court filed its opinion in *Daily Gazette Company v. Committee on Legal Ethics*, (No. 16403). That case was an original mandamus brought by *The Charleston Gazette*, the morning newspaper in West Virginia's capital city, against the West Virginia State Bar's Committee on Legal Ethics to require the committee to open to the public its papers and proceedings relating to disciplinary actions against members of the West Virginia Bar. In *Daily Gazette* we held that under *W.Va. Const.* art. III, § 17 there is a right of public access to attorney disciplinary proceedings and that whenever the committee determines that there is probable cause to believe that an ethical violation has occurred, the hearings on the charge must be open to the public who are also entitled to reports, records, and non-deliberative materials introduced at the hearing, including the final action taken. In addition, we held that when complaints of unethical conduct are dismissed for lack of probable cause the public is entitled to access to the complaint, findings of fact and conclusions of law that resulted in dismissal.

On 12 December 1984 the Daily Gazette Company requested access to files relating to attorney disciplinary proceedings conducted before this Court entered its 11 December 1984 order. The committee, however, acting through its counsel, Robert Davis, refused to allow the newspaper to examine those files on the grounds that the files were compiled in reliance upon confidentiality rules that had been valid before 11 December 1984; the committee concluded from its reading of the Court's opinion that the intended application of the Court's holding was prospective only. The Gazette is now here petitioning for a contempt citation because of the committee's failure to comply with what the Gazette believes is the Court's 11 December 1984 ruling. We granted the rule to show cause to clarify whether our 11 December 1984

order applies to files compiled before the order was entered.

## I

In the last paragraph of this Court's opinion in *Gazette v. Committee,* we held as follows:

> For the foregoing reasons, we grant a writ of mandamus ordering the respondent: (1) to conform its practices and procedures relating to public access to the requirements of *W.Va. Const.,* art. III, § 17 as set forth in this opinion *in all future disciplinary cases;* and (2) to submit to this Court for its promulgation new bylaws and rules and regulations, where necessary, which fully comply with such requirements. [emphasis supplied by Court]

The 11 December Court order recited the opinion's mandate and commanded the Committee "to (1) conform its practices and procedures relating to public access to the requirements of *W.Va. Const.,* art III, § 17 as set forth in this opinion *in all future disciplinary cases;* ..." [emphasis supplied by Court]. The question before us now is whether we intended our ruling on open access to apply only to those disciplinary cases brought or adjudicated after our 11 December 1984 order, or whether we simply misspoke in both opinion and order and intended that everything be opened to the public immediately. We hold today that it was the intent of the Court in the *Daily Gazette v. Committee* ruling that only future proceedings and not past proceedings be made public.

## II

The Committee on Legal Ethics asserts that files compiled before our 11 December 1984 order contain material that would not be covered by our 11 December order and that extensive time and manpower will be needed to review the files to separate public records from "deliberative" material that is still entitled to confidentiality. The committee also argues that because the committee was operating under article VI, § 30 of the State Bar *Bylaws,* material was supplied to them in reliance upon assurances of confidentiality. Article VI, § 30 provided:

> All proceedings involving allegations of misconduct by or the disability of an attorney shall be kept confidential until and unless a recommendation for the imposition of public discipline is filed with the court by the committee on legal ethics, or the respondent attorney requests that the matter be public, or the investigation is predicated upon a conviction of the respondent attorney for a crime. All participants in the proceeding shall conduct themselves so as to maintain the confidentiality of the proceeding. Any person who violates the provisions of this section shall be guilty of contempt of the supreme court of appeals. Any committee member or any employee of the committee who violates this provision may be removed by the board. This provision shall not be construed to deny access to relevant information to authorized agencies investigating the qualifications of judicial candidates, or to other jurisdictions investigating qualifications for admission to practice, or to law enforcement agencies investigating qualifications for government employment. In addition, the secretary-treasurer of the West Virginia State Bar shall transmit notice of all public discipline imposed by the supreme court on an attorney to the National Discipline Data Bank' maintained by the American Bar Association.

The Court finds that the committee's objections to making our 11 December 1984 opinion retroactive are well-taken. The criteria for determining whether a new legal rule should be retroactive are found in syllabus point 5 of *Bradley v. Appalachian Power Co.,* 163 W.Va. 332, 256 S.E.2d 879 (1979) where we held:

> In determining whether to extend full retroactivity, the following factors are to be considered: First, the nature of the substantive issue overruled must be determined. If the issue involves a traditionally settled area of law, such as contracts or property as distinguished from torts, and the new rule was not clearly foreshadowed, then retroactivity is less justified. Second, where the overruled

decision deals with procedural law rather than substantive, retroactivity ordinarily will be more readily accorded. Third, common law decisions, when overruled, may result in the overruling decision being given retroactive effect, since the substantive issue usually has a narrower impact and is likely to involve fewer parties. Fourth, where, on the other hand, substantial public issues are involved, arising from statutory or constitutional interpretations that represent a clear departure from prior precedent, prospective application will ordinarily be favored. Fifth, the more radically the new decision departs from previous substantive law the greater the need for limiting retroactivity. Finally, this Court will also look to the precedent of other courts which have determined the retroactive/prospective question in the same area of the law in their overruling decisions.

Clearly the case before is one arising in the fourth instance discussed in *Bradley*, namely a public issue arising from statutory or constitutional interpretations that represent a clear departure from prior precedent. In that instance we clearly favor only prospective application.

Accordingly, for the reasons set forth above we hold that all records of disciplinary proceedings compiled before our 11 December 1984 order shall be governed by article VI, § 30 of the State Bar *Bylaws* and our 11 December 1984 ruling is applicable only to files or parts of files that are compiled after 11 December 1984. Therefore, the rule to show cause heretofore issued by this Court against the Committee on Legal Ethics of the West Virginia State Bar is dismissed.

Rule dismissed.

McGRAW, J., files a dissenting opinion.

McGRAW, Justice, dissenting:

In our preceding decision, *Daily Gazette Company, Inc. v. Committee on Legal Ethics*, 174 W.Va. 359, 326 S.E.2d 705 (1984) (hereinafter *Gazette I*), the question of the retroactivity of the relief sought was not presented. I believe the majority in the instant case is wrong in now restricting the full operation of the constitutional principles vindicated in *Gazette I*.

To support its restriction, the majority characterizes the decision in *Gazette I* as coming within the "clear departure" factor, which favors prospective operation only. However, the majority's cursory analysis fails to recognize that the "clear departure" criterion is rooted in the notion of reliance. That is, where persons have substantially relied upon the operation and effect of prior law, new pronouncements should not detrimentally affect their reliance. Prior to our holding in *Gazette I*, however, even if complaints and witnesses desired confidentiality (an unlikely proposition), they could not rely upon article IV, § 30 of the State Bar *Bylaws* for such protection because the eventual disposition of any case included the possibility that a recommendation for public discipline would be made to this Court, with the record becoming publicly accessible at that time. For the same reason, lawyers who were the subject of ethical complaints, the only persons really interested in the secrecy rule, could not rely upon continued confidentiality either.

The majority's unwarranted and insupportable decision in the present case, benefiting only unethical members of the profession, is a direct affront to the peoples' constitutionally protected right to know the business of the courts, which includes the business of an agency of this Court performing a quasi-judicial function. *See* West Virginia Const. art. III, § 17; West Virginia Code § 51–1–4a(d) (1981 Replacement Vol.). *See also State ex rel. Herald Mail Company v. Hamilton*, 165 W.Va. 103, 267 S.E.2d 544 (1980) (Miller, J., writing). Accordingly, I submit that a more appropriate syllabus for the majority's opinion would be: "Brothers * at the bar, if you did something wrong before December 11, 1984, it will remain 'our little secret;' aw, what's the Constitution among friends?"

---

* Generic.

For the foregoing reasons, I respectfully dissent.